■ JOHN GRAMMAS, on Behalf of Himself as a Director and a Shareholder of BELLON STEEL CO., INC., and in the Right of Bellon Steel Co., Inc., and on Behalf of All Other Shareholders Similarly Situated, Respondent-Appellant, v JOSEPH CHARLA, JR., et al., Appellants-Respondents.—In a stockholder's derivation action, *inter alia,* to compel defendants Joseph Charla, Jr. (Charla), Joseph Charla Iron Works, Inc. (Iron Works), and Charla Erecting Corp. (Erecting) to account for assets of defendant Bellon Steel Co. Inc. (Bellon), allegedly unlawfully diverted by them for their own use, plaintiff cross-appeals from so much of an interlocutory judgment of the Supreme Court, Nassau County, dated June 25, 1975, as, after a nonjury trial, in ordering an accounting pursuant to a written decision, (1) failed to require Charla to account for the salary paid him by Bellon and (2) failed to provide that Erecting was to make a full accounting. (The appeal by defendants from stated portions of the interlocutory judgment has been withdrawn.) Interlocutory judgment affirmed insofar as appealed from, with costs. Plaintiff entered into an agreement with Charla whereby the latter became a 50% shareholder in Bellon, with a salary of at least $20,000 a year payable by Bellon. Charla was to arrange financing for Bellon and became its president, treasurer and chief executive officer. Charla was also the sole owner of Iron Works. Charla formed a joint venture between Bellon and Iron Works, which were both in the steel fabricating business. Subsequently Charla formed Erecting to handle the erection work for the joint venture. By the end of 1973, Bellon had ceased to do business. Plaintiff claims that Charla breached his fiduciary duty towards Bellon and therefore was not entitled to compensation from it. It is further claimed that the formation of Erecting constituted a diversion of a corporate opportunity from Bellon. In our view, Charla is entitled to the agreed compensation from Bellon. Also, the formation of Erecting did not constitute a corporate opportunity to which Bellon was entitled. The agreement between plaintiff and Charla did not require the latter to give Bellon his full and undivided attention. It was never contemplated that Charla would refrain from outside

activities while trying to salvage Bellon. Martuscello, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.